Daniel G. Bogden
United States Attorney
District of Nevada
Kathryn C. Newman
Andrew W. Duncan
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**[2] JOHN EDWARDS,**<br><br>Defendant. | Case No. 2:09-CR-132-JAD-GWF<br><br>**STIPULATION TO JOIN COMPLEX CASE SCHEDULE** |

IT IS HEREBY STIPULATED AND AGREED between the United States and Defendant John Edwards (the "defendant"), by and through the undersigned counsel, that this Court issue an order joining the defendant to the Proposed Scheduling Order (Docket No. 58). The parties state as follows:

1. The Court designated this case as complex and entered a Scheduling Order on October 27, 2009. (Docket No. 57).

2. Defendant John Edwards made his initial appearance in this case on August 8, 2014. (Docket No. 252).

3. Trial is set in this case for January 6, 2015. (Docket No. 249). Defendant Edwards is joined for trial with his co-defendants at this time.

4. Accordingly, the parties request that the Court enter an order joining Defendant John Edwards to the Scheduling Order in this case, which is attached as Exhibit A.

RESPECTFULLY SUBMITTED this 11 day of ~~August 2014~~ February, 2015.

| WRIGHT, STANISH, WINKLER | DANIEL G. BOGDEN |
| --- | --- |
| | United States Attorney |
| /s/ Richard Wright | /s/ Kathryn C. Newman |
| Counsel for John Edwards | Assistant U.S. Attorney |

## ORDER

IT IS SO ORDERED this 18th day of March, 2015.

_____
UNITED STATES DISTRICT JUDGE

2

EXHIBIT A

DANIEL BOGDEN
United States Attorney
TIMOTHY S. VASQUEZ
MICHAEL CHU
Assistant United States Attorneys
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101
Tele: (702) 388-6336
Fax: (702) 388-6020

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>3. HELEN BAGLEY,<br>4. BRIAN DVORAK,<br>5. GINGER GUTIERREZ, and<br>6. JAMES KINNEY,<br><br>Defendants. | 2:09-CR-00132-RLH-RJJ<br><br>**PROPOSED SCHEDULING ORDER** |

COME NOW THE UNITED STATES OF AMERICA, and HELEN BAGLEY, BRIAN DVORAK, GINGER GUTIERREZ and JAMES KINNEY (collectively, the "defendants"), by and through their undersigned attorneys, and submit this Proposed Complex Case Schedule pursuant to LCR 16-1(a)(2)

## I. DISCLOSURES/DISCOVERY ISSUES

### A. RULE 16 DISCOVERY AND INSPECTION

1. <u>Statements of the Defendant</u>: The UNITED STATES will permit each defendant to inspect and copy any relevant: (1) written or recorded statements made by that defendant, or copies thereof, within the possession, custody or control of the UNITED STATES, the existence of which is known, or by the exercise of due diligence may become known, to

the attorney for the UNITED STATES; (2) the substance of any oral statement(s) which the UNITED STATES intends to offer in evidence at the trial which was made by the defendant (pre-arrest and post-arrest) in response to interrogation by a person then known by the defendant to be a Government agent; and (3) recorded testimony of the defendant before a grand jury which relates to the offense charged (pursuant to Court order under Rule 6(e)).

2. <u>Defendants' Prior Record</u>: Prior to trial, the UNITED STATES will furnish to the defendants such copies of his or her own prior criminal record, if any, as is within the possession, custody, control of the UNITED STATES, the existence of which is known, or by due diligence may become known, to the attorneys for the UNITED STATES.

3. <u>Documents and Tangible Objects</u>: Prior to trial, the UNITED STATES will permit the defendants to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the UNITED STATES, and which are intended for use by the UNITED STATES as evidence in its case-in-chief at trial or were obtained from or belonged to the defendant or are otherwise material to the preparation of the defense.

4. <u>Reports of Examination or Tests</u>: Prior to trial, the UNITED STATES will permit the defendants to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the UNITED STATES, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the UNITED STATES, and which are material to the preparation of the defense or are intended for use by the UNITED STATES as evidence in its case-in-chief.

5. <u>Criminal Histories and Other Background Information of Government Witnesses</u>: Prior to trial, the UNITED STATES will disclose such criminal history and other impeachment information regarding Government witnesses as is material and reasonable.

*See United States v. Flores*, 540 F.2d 432, 437 (9th Cir. 1976); *Briggs v. Raines*, 652 F.2d 862 (9th Cir. 1981).

### B. *Brady* Information

Pursuant to the ruling in *Brady v. Maryland*, 373 U.S. 83 (1963) that "suppression by the prosecution of evidence favorable to an accused, upon request violates due process where the evidence is material either to guilt or punishment," the UNITED STATES will disclose before trial any evidence favorable to the defendant which is material to the guilt or innocence of the defendant. Such disclosure is limited to evidence which is known by government counsel or which could become known by the exercise of due diligence.

### C. *Giglio* Discovery

Pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), the UNITED STATES will disclose before trial all promises, inducements, or threats made to a witness to gain cooperation in the investigation or prosecution of the defendant as they relate to the case-at-bar. Such disclosure is limited to such evidence which is known by Government counsel or could become known with the exercise of due diligence.

### D. Disclosures by Defendants

1. The defendants will disclose prior to trial any books, papers, documents, photographs, tangible objects, or copies or portions thereof which are within the possession, custody, or control of the defendants and which the defendants intend to introduce as evidence in chief at the trial. *See* Fed.R.Crim.P. 16(b)(1)(A).
2. The defendants will disclose prior to trial any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the

defendant intends to introduce as evidence in chief at trial or which were prepared by a witness whom the defendant intends to call at trial when the results or report relates to that witness' testimony. *See* Fed.R.Crim.P. 16(b)(l)(B).

3. The defendants will provide discovery of alibi witnesses as provided by Rule 12.1 of the Federal Rules of Criminal Procedure and the UNITED STATES shall provide disclosure of rebuttal evidence as provided within the same Rule.

### E. *JENCKS* DISCOVERY

The parties will provide discovery of witness statements not otherwise covered in this statement in accordance with the provisions of Title 18, United States Code, Section 3500 *et. seq.* and Rule 26.2 of the Federal Rules of Criminal Procedure. Rough notes and summaries of witness interviews are not discoverable unless otherwise provided for in this statement or where such notes (1) were adopted by the witness, or (2) are a substantially verbatim recital of the witnesses' interview. *See United States v. Griffin*, 659 F.2d 932 (9th Cir. 1981); *United States v. Bernard*, 625 F.2d 854 (9th Cir. 1980); and *United States v. Cole*, 457 F.2d 1141 (9th Cir.), cert. denied, 409 U.S. 868 (1972)).

### F. RULE 404(b) EVIDENCE

Prior to the introduction of evidence which may be considered Rule 404(b) evidence, the proponent of such evidence will provide sufficient notice to the Court and the parties as to allow for an admissibility hearing (outside of the presence of the jury) under Rule 104 of the Federal Rules of Evidence.

### G. SCOPE AND LIMITS OF DISCOVERY

The parties are not required or obliged to disclose the following information and materials (unless required by the Constitutional mandate of *Brady* and *Giglio*):

1.     1.     A list of witnesses, *see Weatherford v. Bursey*, 495 U.S. 545, 97 S. Ct. 837, 51 L. Ed.
2.         2d 30 (1977); *United States v. Sukumolachav*, 610 F.2d 685 (9th Cir. 1980);
3.     2.     Oral statements of a witness which includes the oral statement of a defendant, *see*
4.         *United States v. Walk*, 533 F.2d 417 (9th Cir. 1975); *United States v. Hoffman*, 794 F.2d
5.         1429 (9th Cir. 1986);
6.     3.     Oral statements of the defendant which were not in response to interrogation, *see United*
7.         *States v. Von Stall*, 726 F.2d 584 (9th Cir. 1984);
8.     4.     Evidence or information which is not within the possession of the Federal Government,
9.         *see United States v. Gatto*, 763 F.2d 1040 (9th Cir. 1985); *United States v. Bailleaux*, 685
10.        F.2d 1105 (9th Cir. 1982); *United States v. Sukumolachav*, 610 F.2d 685 (9th Cir. 1980);
11.        *United States v. Higginbotham*, 539 F.2d 17 (9th Cir. 1976);
12.    5.     Unless otherwise provided above, the UNITED STATES is not obligated to disclose
13.        reports, memoranda, or other internal Government documents made by the attorney for
14.        the Government or Government agents in connection with the investigation or
15.        prosecution of the case, *see* Fed.R.Crim.P. 16(a)(2);
16.    6.     Grand Jury recorded proceedings except as provided by Federal Rules of Criminal
17.        Procedure Rules 6, 12(i) and 26.2, *see* Fed.R.Crim.P. 16(a)(3);
18.    7.     Reports, memoranda, or other internal defense documents made by the defendant, or
19.        his/her attorneys or his/her agents in connection with the investigation or defense of the
20.        case, *see* Fed.R.Crim.P. 16(b)(2)(A);
21.    8.     Subject to the provisions of Title 18, United States Code, Section 3500 *et. seq.* and Rule
22.        26.2 of the Federal Rules of Criminal Procedure (addressed in Section V, above),
23.        statements made to the defendant or the defendant's attorney or agent by (a) the
24.        defendant, (b) a government or defense witness, or (c) a prospective government or
25.        defense witness.

### H. CONTINUING DUTY TO DISCLOSE

The parties recognize that the duty to disclose discoverable information continues throughout the prosecution of the case-at-bar.

### I. DUE DILIGENCE BY RECIPIENT

The parties agree that it is the responsibility of the recipient to use due diligence in procuring the discovery made available to him/her.

## II. EVIDENTIARY PROCEDURES
### A. PROFFERS & NOTICE

When a party anticipates offering at trial evidence which is predicated upon a factual condition, the proffering party will provide its opponent such sufficient notice as to allow for a timely motion in limine to the extent possible prior to trial. Sufficient notice is provided when the non-proffering party is informed of (a) the substance of the evidence establishing the factual condition, and (b) the substance of the evidence intended to be proffered at trial. Examples of such types of evidence include, but are not limited to evidence of co-conspiratorial statements prior felony convictions of witnesses, and evidence seized pursuant to a search.

### B. RECORDINGS

1. Each party will exercise due diligence in becoming aware of the existence of any tape recorded conversations and transcripts thereof. A party having custody and control of a tape recording and/or transcript will make at least one (1) copy available for review and copying by all opposing parties. A party receiving such a copy of the tape recording and/or transcript agrees to circulate it among the other parties for their inspection and copying.

2.  The copy of a tape recording and/or transcript will be produced for discovery as described above in a timely manner so as to enable the parties to meet and resolve audibility and/or accuracy issues. The parties agree to meet and resolve (to the extent possible) any issues concerning audibility and/or accuracy of recordings and accuracy of transcripts sufficiently in advance of trial as to enable appropriate motions *in limine* to be filed as to any unresolved issues.

### C. AUTHENTICATION

The parties agree to meet and resolve (to the extent possible) any issues concerning the authentication and/or admissibility of exhibits anticipated to be used in a party's case-in-chief at trial. This meeting will take place sufficiently in advance of trial as to enable the proffering party to call witnesses where stipulations have not been reached.

### D. SUPPLEMENTARY DISCOVERY PROCEDURES

Should a party believe that another party has failed to meet the terms of this schedule or believe that this schedule fails to address the disclosure of evidence which it believes to be material such party will first specifically request such disclosure (as specifically, and as narrowly as possible, identifying the information sought, its location if known, and the materiality of such information). If such a specific request is not met to the satisfaction of the requesting party, then the requesting party may move for the Court to order the production of such information. The motion for the production of such information shall specify the materiality of the evidence sought, its location if known, and shall as specifically and as narrowly as possible identify the information sought.

### E. TIMING OF DISCOVERY

To the extent possible, the parties hereto have defined the parameters of obligatory

7

discovery of information. However, all parties recognize that, except in extraordinary circumstances, the Court is best served by the "open" and accelerated disclosure of information beyond that required by law. Litigation is minimized through such "open" and accelerated disclosure by advancing the negotiation process and minimizing the need for arbitration of discovery issues during and in advance of trial. To that end, the parties will endeavor to provide as open disclosure of information as is appropriate in the case-at-bar. Further, the parties agree that except as specifically provided herein, there is no need for the Court to prescribe phases or dates for discovery because discovery is a continuing obligation. That is, unless otherwise provided herein or by rule or statute, the UNITED STATES should disclose material evidence as it is obtained and the defense shall reciprocate by disclosing discoverable materials in a similar fashion.

### III. PROPOSED SCHEDULE FOR PRETRIAL PROCEEDINGS AND TRIAL

**Proposed trial date**: February 2011

**Proposed date for filing pretrial motions**: September 2010

**Proposed date for filing responses to pretrial motions**: Fourteen (14) days from the service of the motion.

**Proposed date for filing reply briefs**: Seven (7) days from the date of service of the response.

The parties additionally request that the Court periodically hold status conferences.

### IV. EXCLUSION OF TIME FOR SPEEDY TRIAL PURPOSES

The Court finds that the that in light of the complexity of the case and the voluminous discovery, it is unreasonable to expect the defendants to adequately prepare for trial by the current setting of November 16, 2009. A continuance of the trial is therefore necessary. The trial date proposed by the parties is reasonable and appropriate to afford the defendants adequate time to prepare and all parties sufficient notice to enable them to secure the presence of witnesses.

The Court further finds it would be impossible for the defendants to proceed within the time limits prescribed by the Speedy Trial Act, Title 18, United States Code, Section 3161, and that denial of the requested continuance in this case would likely result in a miscarriage of justice.

The Court further finds that the ends of justice served by continuing the trial outweigh the best interests of the public and the defendant in a speedy trial.

The period of delay resulting from this continuance shall therefore be excluded pursuant to 18 U.S.C. § 3161(h)(7) in computing the time within the trial in this case must commence under the Speedy Trial Act.

IT IS THEREFORE ORDERED that the trial setting of November 16, 2009, is vacated, and the trial is continued and reset to begin on February 7, 2011, 8:30 AM, Courtroom 6C.

IT IS FURTHER ORDERED that the calendar call in this matter is continued and rescheduled for February 2, 2011, 8:45 AM, Courtroom 6C.

IT IS FURTHER ORDERED that any pretrial motions shall be filed by September 10, 2010. Responses to such motions shall be filed within fourteen (14) days of the service of a motion, and any replies shall be filed within seven (7) days of service of a response.

**SO ORDERED** this 27th day of October, 2009.

Roger L. Hunt
CHIEF U.S. DISTRICT JUDGE