# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOHN M. EDWARDS,

    Defendant.

Case No. 2:09-cr-00132-JAD-GWF

**ORDER**

Motion for Competency Evaluation and Hearing - #437

This matter is before the Court on Defendant John M. Edwards' Motion for a Competency Evaluation and Hearing (#437), filed on May 16, 2016. The Government filed a Non-Opposition to Defendant's Motion (#438) on May 20, 2016. The Court conducted a hearing in this matter on May 23, 2016.

## **Background**

Defendant John M. Edwards is charged via the Second Superceding Indictment (#63) with RICO Conspiracy, Conspiracy to Violate Securities Laws, Conspiracy to Commit Securities Fraud, Fraudulent Interstate Securities Transactions (3 counts), Securities Fraud and Insider Trading (4 counts), Securities Fraud under 18 U.S.C. § 1348 (2 counts), and Conspiracy to Commit Money Laundering. After being held in the United Kingdom for five years, Defendant Edwards was extradited to the United States, and has remained in custody since his extradition.

Defendant's counsel previously filed a motion for a competency evaluation of Defendant Edwards on October 2, 2014. *See Motion (#268)*. The Court granted that motion on October 10, 2014. *Order (#271)*. Defendant was subsequently evaluated by forensic psychologists at the Federal Bureau of Prisons Metropolitan Correctional Center who concluded on or about December 4, 2014 that he was competent to stand trial. Defendant, through his counsel, notified the Court on February

25, 2015 that he would not contest the Federal Bureau of Prisons determination that he was competent to stand trial. *Minutes of Proceedings (#311) and Minute Order in Chambers (#312).* The case has proceeded through pretrial preparation since that time as Defendant and his counsel review documentary evidence. The Court has conducted hearings during the past year relating to medical issues concerning the Defendant's vision and his difficulty in reading documents.

Defense counsel now requests that the Court order another mental competency evaluation to determine Defendant Edwards' competency to stand trial. In his motion, Defendant's counsel cites and attaches medical records from the Nevada Southern Detention Center regarding various incidents in which Defendant has had episodes of memory loss, seizures and other cognitive incidents. Defendant was evaluated by a neurologist at the Neurology Center of Nevada on February 29, 2016 who assessed Defendant as suffering from unspecified dementia without behavioral disturbance. The neurologist stated that Defendant's dementia was probably secondary to Alzheimer disease and that the physician would rule out pseudo-dementia secondary to depression. *Motion (#437), Exhibit A.* Detention Center clinic notes indicate that Defendant experienced seizure/memory loss episodes in March 2016.

Defendant's counsel has submitted a declaration in which he states that over the past months he has observed a gradual deterioration in Defendant's mental state during which Defendant's confusion and inability to stay on topic has increased. Counsel states that Defendant's memory about events pertinent to the case is unreliable and changes in both in-person visits with counsel and also in letters that Defendant sends to counsel. Based on his interaction with Defendant and his observation of his mental state, counsel believes that Defendant's mental competency has diminished over the past year to the point that he is no longer mentally capable of assisting in his own defense.

The Government does not oppose another mental competency evaluation of Defendant Edwards, but does not concede that the evaluation will result in a finding that Defendant is mentally incompetent to stand trial.

## **DISCUSSION**

The Due Process Clause of the Fifth Amendment prohibits trying a defendant who is mentally incompetent. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996); *Pate v. Robinson*, 383 U.S.

375, 378 (1966). "A person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

The treatment of defendants suffering from a mental disease or defect is governed by the Insanity Defense Reform Act of 1984. 18 U.S.C. §§ 4241-48. The Federal Criminal Code establishes a multi-part statutory scheme for addressing defendants suffering from a mental disease or defect who have pending federal charges. If a question is raised concerning whether a defendant is competent to stand trial or assist in his defense, the court first determines whether the defendant suffers from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. 18 U.S.C. § 4241(a), and (d); see also *United States v. Friedman*, 366 F.3d 975, 980 (9th Cir. 2004). Section 4241(a) provides that whenever the court has reasonable cause to believe a defendant is suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall conduct a hearing to determine the defendant's competency. Section 4241(d) establishes a two-part disjunctive test of competency. *Id*. A defendant must be able both to understand the nature of the proceedings against him, and to assist properly in his defense. *Id*. Having reviewed and considered the matter, with no objection from the Government, and for good cause shown,

**IT IS HEREBY ORDERED** that Defendant's Motion for a Competency Evaluation and Hearing (#437) is **granted**.

**IT IS FURTHER ORDERED** that in accordance with 18 U.S.C. § 4241, 4247, and Rule 12.2(c) of the Federal Rules of Criminal Procedure, the United States Marshal Service shall forthwith transport John M. Edwards, Defendant herein, to a suitable BOP facility closest to the court that conducts psychological evaluation, for psychiatric and psychological evaluation to determine whether Defendant John M. Edwards may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

1   **IT IS FURTHER ORDERED** that Defendant John M. Edwards shall be held in said facility for a reasonable period of time, not to exceed 45 days, unless extended by further order of the Court upon showing good cause by the Director of the said facility or pursuant to other appropriate motion for a period of up to 30 additional days. 18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that all medical records of Defendant John M. Edwards from his time in the Southern Nevada Detention Center be delivered to the Board of Prison psychiatrist or psychologist for purposes of the competency evaluation.

**IT IS FURTHER ORDERED** that the examination conducted pursuant to this Order be conducted by one or more licensed or certified psychiatrists or clinical psychologists. 18 U.S.C. § 4247(b).

**IT IS FURTHER ORDERED** that within 45 days from the date of the entry of this Order, or such additional period as may be ordered by the Court, the Director of the said facility at which the examination has been conducted shall prepare, or cause to be prepared, a psychiatric or psychological report to the Clerk of the United States District Court for the District of Nevada, to Kathryn C. Newman, Assistant United States Attorney, and Richard A. Wright, counsel for the Defendant.

**IT IS FURTHER ORDERED** that said report prepared pursuant to this Order shall include:

(1) Defendant's history and present symptoms;

(2) A description of the psychiatric, psychological or medical tests that were employed and their findings;

(3) The examiner's findings; and

(4) The examiner's opinions as to diagnosis, prognosis, whether the Defendant is competent to stand trial, the test of which is whether he may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense.

The Court finds that the period of time required by the above-described psychiatric or psychological examination of Defendant, and the Court's determination of Defendant's competency

. . .

. . .

to stand trial is excludable time under the United States Constitution, the Speedy Trial Act, 18 U.S.C. 3161(h)(1)(A), and Rule 5.1 of the Federal Rules of Criminal Procedure

DATED this 23rd day of May, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge